UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 10-59029

CHARLES HOLLEY, JR.,                                Chapter 7

              Debtor.              Judge Thomas J. Tucker
_____/

CHARLES J. HOLLEY, JR.,

              Plaintiff,

v.                                                  Adv. Pro. No. 11-6961

KRESCH OLIVER, PLLC, et al.,

              Defendants.
_____/

**OPINION REGARDING DAMAGES,
AFTER ENTRY OF DEFAULT JUDGMENT
AGAINST DEFENDANTS AS TO LIABILITY**

**I. Introduction and background**

      This adversary proceeding is before the Court on the issue of damages. On March 19, 2012, the Court entered an Order granting a default judgment in favor of Plaintiff and against Defendants, as to liability (the "Default Order").[1] In the Default Order, the Court entered a default judgment "with respect to liability, on the claim stated in Plaintiff's amended complaint filed February 17, 2012 (Docket # 20)." The Default Order required Plaintiff, no later than March 23, 2012, to "file an affidavit and an itemization of all damages claimed from Defendant's violation of the discharge injunction under 11 U.S.C. § 524(a)(2)." The Order required Defendants to file, no later than March 30, 2012, any objections "to the amount of damages

---

    [1] Docket # 28.

requested by Plaintiff, and any objections to the Plaintiff's affidavit and itemization regarding damages." The Default Order further stated that if any timely objections were filed to the Plaintiff's affidavit and itemization, "the Court will consider the Plaintiff's affidavit and itemization and the Defendant's objections, and decide what further proceedings, if any, are necessary to enable the Court to enter a final judgment regarding damages."

Plaintiff timely filed his affidavit and itemization of damages, on March 23, 2012.[2] Defendants have not filed any objections to the Damages Itemization, timely or otherwise.[3]

The compensatory damages sought by Plaintiff are limited to the attorney fees incurred by Plaintiff because of the Defendants' violation of the discharge injunction under 11 U.S.C. § 524(a)(2). In the Damages Itemization, Plaintiff seeks such compensatory damages in the amount of $16,837.50. Plaintiff also asks for punitive damages of $10,000.00.

**II. Jurisdiction**

This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and Local Rule 83.50(a)(E.D. Mich.). This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(O). This proceeding is also "core" because a contempt proceeding based on a violation of the § 524(a)(2) discharge injunction is an action "created or determined by a statutory provision of title 11." *See generally Allard v. Coenen* (*In re Trans-Industries, Inc.*), 419 B.R. 21, 27 (Bankr. E.D. Mich. 2009).

---

[2] Docket # 30 (the "Damages Itemization").

[3] Defendants filed a motion to set aside the Default Order, on March 30, 2012, which this Court denied in its Opinion and Order filed on April 2, 2012. (Docket ## 31, 32).

2

11-06961-tjt    Doc 33    Filed 06/01/12    Entered 06/01/12 17:01:02    Page 2 of 8

**III. Discussion**

The Court has reviewed Plaintiff's Damages Itemization, and concludes that a default judgment should be entered against Defendants in the amount of $16,837.50, jointly and severally, for compensatory damages. But the Court declines to award any punitive damages, for the reasons stated in this opinion.

**A. Compensatory damages**

**1. Overview of relevant law**

The Court begins with an overview of the law governing Plaintiff's claim. In this adversary proceeding, Plaintiff seeks relief for Defendants' violations of the discharge injunction contained in Bankruptcy Code § 524(a)(2). That section states:

> (a) A discharge in a case under this title—
> . . .
>
>> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [debt discharged under section 727] as a personal liability of the debtor, whether or not discharge of such debt is waived[.]

11 U.S.C. § 524(a)(2). The Sixth Circuit has held that no private right of action exists under 11 U.S.C. § 524 for a violation of the discharge injunction. *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 422–23 (6th Cir.2000). Rather, bankruptcy courts enforce § 524 through civil contempt proceedings. *See id.* at 422; *see also Gunter v. Kevin O'Brien & Assocs. Co. LPA (In re Gunter)*, 389 B.R. 67, 71 (Bankr. S.D. Ohio 2008)(citing *Pertuso*, 233 F.3d at 421)("[A] debtor's only recourse for violation of the discharge injunction is to request that the offending party be held in contempt of court.").

Bankruptcy courts have civil contempt powers. Those powers "flow from Bankruptcy Code § 105(a) and the inherent power of a court to enforce compliance with its lawful orders." *In re Walker*, 257 B.R. 493, 496 (Bankr. N.D. Ohio 2001) (citations omitted). The United States Court of Appeals for the Sixth Circuit has held that:

> In a civil contempt proceeding, the petitioner must prove by clear and convincing evidence that the respondent violated the court's prior order.
>
> > A litigant may be held in contempt if his adversary shows by clear and convincing evidence that "he violate(d) a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order."
>
> It is the petitioner's burden . . . to make a prima facie showing of a violation, and it is then the responding party's burden to prove an inability to comply. . . .
>
> > [T]he test is not whether [respondents] made a good faith effort at compliance but whether "the defendants took all reasonable steps within their power to comply with the court's order."
>
> > [G]ood faith is not a defense to civil contempt. Conversely, impossibility would be a defense to contempt, but the [respondent] had the burden of proving impossibility, and that burden is difficult to meet.

*Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998)(citations omitted); *see also Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 550 (6th Cir.2006); *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003).

> In the context of a violation of the discharge injunction, this means that the act must have been willful. The question of whether the violation is willful is based on whether the creditor intended the

> acts that constituted the violation. The standard does not require proof that the creditor deliberately violated the injunction. Thus, a debtor who alleges a violation of § 524(a)(2) must establish by clear and convincing evidence (1) the creditor violated the discharge injunction and (2) the creditor did so with actual knowledge of the injunction.

*In re Frambes*, No. 08-22398, 2012 WL 400735, at *5 (Bankr. E.D. Ky. Feb. 7, 2012)(citations omitted).

If a bankruptcy court finds a creditor in civil contempt for violating the discharge injunction, the court may award the debtor *compensatory* damages, including attorney fees and costs. *In re Johnson*, 439 B.R. 416, 428 (Bankr. E.D. Mich. 2010), *aff'd on other grounds*, No. 10-14292, 2011 WL 1983339 (E.D. Mich. May 23, 2011); *Gunter*, 389 B.R. at 71-72; *In re Perviz*, 302 B.R. 357, 370 (Bankr. N.D. Ohio 2003). As discussed below in Part III-B of this opinion, however, there is a split of authority on the question whether bankruptcy courts may award *punitive* damages for a violation of the discharge injunction.

**2. The compensatory damages sought in this case**

In this case, Defendants' *liability* for violations of the discharge injunction, as alleged in Plaintiff's Amended Complaint, has been established by the Default Order. Having reviewed the itemization of attorney fees contained in Plaintiff's Damages Itemization, the Court finds and concludes that the attorney fee amount itemized and claimed as damages by Plaintiff — $16,837.50 — is reasonable, and properly reflects the damages incurred by Plaintiff due to Defendants' violations of the discharge injunction.

And the Court notes that having previously been defaulted by the Court as to liability, Defendants now also have defaulted as to the amount of compensatory damages, by failing to file

5

any timely objection to the amount of damages itemized by Plaintiff.

Accordingly, the Court will enter a default judgment against Defendants in the amount of $16,837.50, jointly and severally, for compensatory damages.

**B. Punitive damages**

Plaintiff also seeks punitive damages of $10,000.00. But the Court will not award any punitive damages, for the following reasons.

First, the Court agrees with those cases that have held that bankruptcy courts may not award a debtor punitive damages based on a violation of the discharge injunction, because (1) under the law of contempt, punitive damages can only be awarded for *criminal* contempt, not civil contempt; and (2) bankruptcy courts lack criminal contempt powers. *See, e.g.*, *Griffith v. Oles* (*In re Hipp, Inc.*), 895 F.2d 1503, 1511 (5th Cir. 1990)(footnote omitted)("[W]e hold that bankruptcy courts do not have inherent criminal contempt powers, at least with respect to the criminal contempts not committed in (or near) their presence."); *In re Lawrence* 164 B.R. 73, 76 (W.D. Mich. 1993)("[T]his Court is persuaded by the reasoning in *Hipp* and the Sixth Circuit's apparent endorsement of *Hipp* in *[RaForth v. Nat'l Union Fire Ins. Co.* (*In re Baker & Getty Fin. Servs., Inc.*)*,* 954 F.2d 1169 (6th Cir. 1992)] . . . and holds that, as a matter of law, the bankruptcy court did not have jurisdiction to conduct the criminal contempt hearing and enter its order."); *In re Ho,* No. 11-01512, 2012 WL 405092, at *2 n.4 (E.D. La. Feb. 8, 2012) (holding that the bankruptcy court had no criminal contempt power); *Burton v. Mouser* (*In re Burton*), No. 08-1019, 2010 WL 996537, at *4 (Bankr. W.D. Ky. March 16, 2010)("The Court can impose remedial and compensatory damages through a finding of civil contempt, but not punitive sanctions for a violation of the injunction."); *but see Nicholas v. Oren* (*In re Nicholas*), 457 B.R.

202, 225 (Bankr. E.D.N.Y. Aug. 3, 2011)(Bankruptcy courts can award a debtor "actual damages, attorney's fees and punitive damages" for violation of the discharge injunction.); *In re Wallace*, No. 09-bk-594-PMG, 2011 WL 1335822, at * 7 (Bankr. M.D. Fla. April 5, 2011)(internal quotation marks and citations omitted)("Section 105 constitutes express authority to award punitive damages for contempt to the extent necessary or appropriate to carry out the provisions of the Bankruptcy Code. Section 105 creates a statutory contempt power distinct from the court's inherent contempt powers.").

Second, even if this Court did have the power to award punitive damages for a violation of the discharge injunction, it would not do so under the circumstances of this case. In those jurisdictions where bankruptcy courts have held that they have power to award punitive damages for violation of the discharge injunction, "[p]unitve damages are typically awarded in cases where there is particularly egregious creditor misconduct.'" *Russell v. Chase Bank USA, NA* (*In re Russell*), 378 B.R. 735, 744 (Bankr. E.D.N.Y. 2007); *see also Wallace*, 2011 WL 1335822, at *7-8 (discussing the different standards courts have adopted for awarding punitive damages). The Court finds that Defendants' violations of the discharge injunction in this case, while subject to civil contempt, do not rise to the level where they can reasonably be called "particularly egregious."

## IV. Conclusion

For the reasons stated in this opinion, the Court will enter a default judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $16,837.50, plus interest at the federal statutory rate under 28 U.S.C. § 1961 from the date of judgment, plus costs.

**Signed on June 1, 2012**                              /s/ Thomas J. Tucker
                                                        **Thomas J. Tucker**
                                                        **United States Bankruptcy Judge**